GEO. W. PITKIN & CO. v. JOHN Y. BENFER *et al.*

DORMANT PARTNERS —*Ostensible Partner —Liability.* Three persons entered into a partnership for a stated time. The business was to be done in the name of one of them, and the connection of the other two persons with him was unknown. Just prior to the expiration of the partnership, and when it was understood that the ostensible partner was to continue the business alone, he ordered a bill of goods in his own name, which were not to be shipped or delivered until the day after the expiration of the partnership. The goods came into his individual possession after dissolution of the partnership and were sold as his own property. The jobber who furnished them had no knowledge of the partnership until long after it had expired. *Held*, In an action for the price of the goods, that the ostensible partner who ordered and received them is alone liable for the price of the same.

*Error from Nemaha District Court.*

THIS was an action brought by *George W. Pitkin & Co.* to recover from the firm of *John Y. Benfer* the sum of $347.07, for paints and painters' materials which plaintiffs had sold and delivered to defendants. H. C. Settle and Lamar B. Keith filed a separate answer, alleging that they were not interested in the purchase of the merchandise; that no portion of it ever came into their possession or was used for the benefit of the firm when these defendants were members thereof. And they further alleged that Benfer purchased the goods in his individual capacity and for his own benefit, and contracted for the delivery of the same at a time subsequent to the expiration of the term of their partnership. They set forth at length the

partnership agreement made March 1, 1886, between Benfer, Settle, and Keith, whereby it was agreed that they should engage in the business of buying and selling paints and painters' materials, under the firm name of John Y. Benfer. Benfer was to contribute a business house and personally conduct the business, while Settle and Keith agreed to contribute the stock on hand and such further capital as the interests of the business should require, not exceeding $600. All gains and losses accruing from the business were to be shared equally by and between the parties. A trial was had without a jury, and the court made the following findings of fact and conclusions of law:

"1. On March 1, 1886, H. C. Settle and Lamar B. Keith commenced business as copartners, under the written contract of partnership set forth as exhibit 'A' in the answer of the said defendants, with their codefendant, John Y. Benfer, and under said contract engaged in the business of buying and selling paints and painters' materials.

"2. John Y. Benfer was the managing partner, and Settle and Keith were silent partners, the business of the firm being carried on under the firm name of John Y. Benfer, and the place of business of said copartnership was in a building belonging to said Benfer, in Seneca, in said county.

"3. During the entire existence of the partnership, Settle and Keith were engaged in the lumber business in Seneca, and John Y. Benfer, in addition to managing the firm business, also carried on individual business as a house and carriage painter in an office in the same building where the business of the firm was done.

"4. At the expiration of the year from the date of the commencement of the partnership, all of said partners agreed to continue said partnership for another year, and business was carried on during the second year of the partnership in the same manner as before.

"5. About January, 1888, Lamar B. Keith gave John Y. Benfer notice that Settle and Keith would not continue said partnership longer than the expiration of the second year; and about the last day of February, 1888, Settle and Keith and John Y. Benfer had a settlement of the partnership business, by which it was agreed that Benfer should have the whole of the assets of the firm in consideration of an agree-

ment to pay Settle and Keith the sum of $1,264 for their interest in the partnership property, which amount was to be secured by note and mortgage. Said sum was never paid by Benfer, nor was the same ever secured."

"7. Said partnership was dissolved on the last day of February, 1888, and after said date, Settle and Keith had no further connection with the business, which, thereafter, was carried on by John Y. Benfer.

"8. Benfer continued to carry on the business of buying and selling painters' materials at the same place of business, and on his individual account, until in May, 1888, when he left Seneca and abandoned his business. His goods remaining on hand were sold under attachments issued against his property.

"9. On the 9th day of February, 1888, John Y. Benfer gave to the plaintiffs a written order for the goods sued for in this action, which order provided that said goods should be shipped March 1, 1888. The order was given to a traveling salesman of the plaintiffs, and was signed by the name of Benfer only.

"10. The plaintiffs had no knowledge of the existence of the partnership between Benfer and Settle and Keith until after Benfer left Seneca, in May, 1888; and during the existence of the partnership they did not know that Settle and Keith had any interest in the business. The credit for the goods was given to John Y. Benfer; and said Benfer had done business on his individual account with the plaintiffs for 10 or 12 years prior to March 1, 1886.

"11. The plaintiffs' place of business during all of their transactions with John Y. Benfer was in Chicago, Ill.

"12. During the existence of the partnership, Settle and Keith put into the business $800, none of which was ever drawn out by them except a small amount of individual account, which was charged them on Benfer's books. They never received the goods sued for, and derived no benefit from the same.

"13. The goods purchased by Benfer were of the value of $329.50."

### "CONCLUSION OF LAW.

"The defendants Settle and Keith are not liable for the debt sued for, and are entitled to recover their costs herein."

Judgment was accordingly entered in favor of the defend-

ants Settle and Keith, and the plaintiffs excepted, and bring this proceeding in error.

*H. C. Solomon,* for plaintiffs in error:

The liability of dormant or silent partners is well established. See *Boudreaux v. Martinez,* 25 La. An. 169.

Wagner, J., delivered the opinion of the court in *Richardson v. Farmer,* 36 Mo. 35, 44, saying: "In the case of a dormant or secret partner, while the credit is manifestly given to the ostensible partner because no other is known to the party, yet the credit is not deemed to be exclusive, the creditor having had no opportunity to choose his debtor. The credit will not, therefore, be presumed to have been given on the sole and separate responsibility of the ostensible partner, but will bind all for whom the partner acts, if done in their business and for their benefit. Story, Part., § 138; 1 Story, Contr., § 226; *Thompson v. Davenport,* 9 Barn. & Cr. 78; *Bracken v. March,* 4 Mo. 74; *Raimond v. C. & E. Mills,* 2 Metc. 319; *Bank v. Birney,* 5 Mason, 176; *Winship v. Bank,* 5 Pet. 529." See, also, *Bissell v. Hobbs,* 6 Blackf. 479; *Tucker v. Peaslee,* 36 N. H. 167.

The particular attention of this court is invited to *Bromley v. Elliott,* 38 N. H. 287, as a very instructive case on all fours with the case at bar. See, also, *Griffith v. Buffum,* 22 Vt. 181; *Snead v. Barringer,* 1 Stew. (Ala.) 134; *Parker v. Canfield,* 37 Conn. 250; Bates, Law Part., §§ 156, 443, 445, 447.

*Wells & Wells,* for defendants in error Settle and Keith:

We do not think these goods were bought in the business, or for the benefit of the firm of which Settle and Keith were partners, but were bought in the business and for the benefit of John Y. Benfer, individually and alone. We join with plaintiffs in error in their invitation for the court to examine *Bromley v. Elliott,* 38 N. H. 287. In that case it was agreed "that the goods specified in the account, as well as those for which the note was given, were sold, delivered, and taken into the store occupied by Hovey during his business rela-

tions with Elliott." Just what was not done in this case. See, also, 2 Nott & McCord, 429.

The opinion of the court was delivered by

JOHNSTON, J.: It is insisted by plaintiffs in error that, as Settle and Keith were dormant partners of the firm of John Y. Benfer, they are liable for the goods ordered during the existence of the partnership. It will be observed that while the goods were ordered during the continuance of the partnership, they were not to be shipped nor delivered until the partnership had expired. By agreement of the parties, the partnership was to be discontinued on the last day of February, 1888, and Benfer ordered the goods in his own name, to be shipped the day after the dissolution of the partnership occurred. It is true, as contended, that the persons who participate in the profits of a trade or business, ostensibly carried on by another, are liable for contracts made and credits given during the existence of the partnership. The credit is not presumed to have been given on the sole and separate responsibility of the ostensible partner, but binds all for whom the partner acts, if done in their business and for their benefit, to the same extent as though the partnership had been open and avowed. Here, however, no goods had been furnished, no sale made, nor was any credit given while the partnership existed.

Particular attention is called to the case of *Bromley v. Elliott*, 38 N. H. 287, as being on all fours with the case at bar. In that case the goods were furnished and the credit given while the dormant partner was a member of the firm. He received the benefits of the transaction, and, according to all the authorities, was equally liable with the ostensible partner. The distinction in this case is that the goods were not received while Settle and Keith were connected with the partnership, nor was it intended by Benfer that they should be shipped and delivered to the firm. Knowing that the partnership would expire with the month of February, Benfer ordered the goods in his own name, and particularly directed that they should

not be shipped to him until the 1st of March, after the expiration of the partnership. It was evidently his intention that no sale or shipment would be made to the firm, and that delivery would be purposely deferred until he would have absolute control of the business. No benefits were received by Settle and Keith from the transaction, nor was there any credit given to the firm for these goods while they were members of it. A dormant partner when discovered is liable to the same extent as an ostensible partner, but no further, and if the partnership had been open and avowed in this case, and its duration known, and Benfer had ordered goods in his own name to be shipped and delivered after the dissolution of the partnership, Settle and Keith would not have been liable for the value of the same. Judge Story, in speaking of the liability of dormant partners, remarks that —

"Of course, the retiring partner is not by his retirement exonerated from the prior debts and liabilities of the firm. In the first place, then, a dormant partner is not liable for any debts or other contracts of the firm, except for those which are contracted during the period that he remains a dormant partner. Upon his retirement, his liability ceases, as it began, *de jure*, only with his accession to the firm. The reason is that no credit is, in fact, in such case given to the dormant partner. His liability is created by operation of law, independent of his intention, from his mere participation in the profits of the business; and therefore it ceases by operation of law, as soon as such participation in the profits ceases, whether notice of his retirement be given or not." (Story, Part., § 159.) See, also, Pars. Part. (3d ed.), p. 451.

Here no liability was created until Settle and Keith had retired from the firm. The goods never came into the possession of the firm, nor was it the purpose that they should. They were sold to Benfer and came into his individual possession as his own property, and he sold them as such. We think the court correctly held that he alone was liable for the price of the same.

The judgment of the district court will be affirmed.

All the Justices concurring.